## APPEAL OF DE MARTINI-ZEREGA AGENCY CO.

Docket No. 4562.    Submitted October 15, 1925.    Decided February 9, 1926.

*T. Francis Campbell, C. P. A.,* for the taxpayer.
*J. Arthur Adams, Esq.,* for the Commissioner.

Before MARQUETTE and LOVE.

This is an appeal from the determination of deficiencies in income and profits taxes for the calendar years 1919, 1920, and 1921, in the total amount of. $4,367.62.

The question is whether the taxpayer is entitled to classification as a personal service corporation.

### FINDINGS OF FACT.

The taxpayer is a Missouri corporation, with principal office in St. Louis.

It was organized in September, 1915, with capital stock of $5,000, consisting of 100 shares of $50 par value each, which were owned as follows:

|  | Shares. |
|---|---|
| James J. De Martini | 51 |
| Louis Zerega | 44 |
| Victor Zerega | 5 |

All three of the stockholders were employed as officers of the taxpayer and devoted all of their time to its activities. The only other employee was a woman bookkeeper-stenographer.

De Martini worked in the office most of the time, making contracts for loans and insurance, buying real estate for clients, soliciting insurance and selling property. The two Zeregas attended to the collecting of rents, soliciting insurance, and selling real estate, and also attended to repairs for clients. For the last-mentioned, the commission received was 10 per cent of the bill.

The income of the taxpayer was derived from commissions on insurance, on sales of real estate, on the collecting of rents, on the making of loans, and on the making of repairs, and from the gain on the sale of real estate and from interest on loans.

The actual income for the years in question was:

|  | 1919 | 1920 | 1921 |
|---|---|---|---|
| Commissions: |  |  |  |
| Real estate (including commissions on loans) | $5,872.94 | $10,469.83 | $7,757.22 |
| Insurance | 4,437.43 | 6,326.75 | 6,953.08 |
| Rent | 634.93 | 1,253.95 | 1,885.13 |
| Repairs | 384.49 | 310.33 | 296.13 |
| Special | 229.13 | 60.16 | 294.67 |
| Notary fees | 48.75 | 87.50 | 75.25 |
| Profit on real estate sales | 1,471.35 | 2,249.80 | 311.87 |
| Interest | 1,284.79 | 1,804.87 | 2,500.45 |
| Total income | 14,363.81 | 22,563 19 | 20,073.80 |

The expenses for the years in question were:

| | 1919 | 1920 | 1921 |
|---|---|---|---|
| Officers salaries | $5,455.00 | $7,507.54 | $7,143.86 |
| Other salaries | 855.00 | 1,020.66 | 1,260.00 |
| Office rent | 448.00 | 577.50 | 870.00 |
| Telephone and advertising | 360.30 | 202.94 | 200.00 |
| Interest paid | 1,457.07 | 1,625.72 | 1,783.05 |
| Depreciation of furniture and fixtures | 54.11 | 56.01 | 68.70 |
| Miscellaneous expenses | 568.25 | 674.51 | 1,050.11 |
| Total | 9,197.73 | 11,664.88 | 12,375.72 |

The balance sheets of the taxpayer at the closing of each calendar year showed:

| | 1918 | 1919 | 1920 | 1921 |
|---|---|---|---|---|
| **ASSETS.** | | | | |
| Cash | $892.64 | $4,422.20 | $3,628.36 | $3,101.22 |
| Liberty Bonds | 190.20 | | | |
| War Savings stamps | 21.06 | 21.06 | 21.06 | 21.06 |
| U. S. Revenue Stamps | 3.62 | 39.06 | .97 | 3.65 |
| Real-estate loan account | 17,350.00 | 19,950.00 | 19,450.00 | 15,575.00 |
| Deeds of trust | 3,675.00 | 8,135.00 | 9,090.00 | 4,435.00 |
| Accounts receivable | 6,684.70 | 7,988.85 | 6,484.10 | 9,052.06 |
| Real estate | 2,744.52 | | | |
| Furniture and fixtures | 522.13 | 560.13 | 560.13 | 813.95 |
| Due from officers | | | | 1,780.98 |
| Total | 32,083.87 | 41,116.30 | 39,234.62 | 34,782.92 |
| **LIABILITIES.** | | | | |
| Capital stock | 2,291.09 | 5,000.00 | 5,000.00 | 5,000.00 |
| Surplus or deficit | (533.92) | (311.55) | (1,008.18) | (3,388.41) |
| Allowance for depreciation | 146.07 | 200.18 | 256.19 | 324.89 |
| Notes payable | 11,500.00 | | 10,700.00 | 6,500.00 |
| Accounts payable | 17,415.32 | 34,772.02 | 16,303.05 | 23,394.29 |
| Due officers | 1,265.31 | 1,455.65 | 7,342.94 | |
| Income tax liability | | | 640.62 | 2,952.15 |
| Total | 32,083.87 | 41,116.30 | 39,234.62 | 34,782.92 |

In making loans to clients, the taxpayer either used its own funds, used the funds of other clients, who advanced the money to the taxpayer for the purpose, or borrowed the necessary money from banks. It charged commissions for arranging loans of funds other than its own. The largest amount owed by the taxpayer to banks at any one time during 1919 was from $3,000 to $4,000. In its insurance business, the taxpayer paid the insurance companies the premiums monthly, whether collected or not.

The sales of real estate in which the taxpayer participated on its own account during the years in question were:

| Sale No. | Date sold. | Sale price. | Rent collected. | Date bought. | Cost. | Profit. |
|---|---|---|---|---|---|---|
| 1 | March, 1919 | $6,462.61 | 0 | March, 1919 | $6,085.00 | $377.61 |
| 2 | June, 1919 | 2,275.10 | 0 | November, 1918 | 2,197.75 | 77.35 |
| 3 | April, 1919 | 900.00 | 0 | December, 1917 | 676.95 | 223.05 |
| 4 | September, 1919 | 2,284.60 | $79.50 | April, 1919 | 2,190.20 | 173.90 |
| 5 | December, 1919 | 1,973.55 | 228.60 | February, 1919 | 1,582.73 | 619.44 |
| 6 | September, 1920 | 15,812.93 | 1,227.50 | March, 1920 | 14,790.63 | 2,249.80 |
| 7 | July, 1921 | 4,765.96 | 115.00 | April, 1921 | 4,569.09 | 311.87 |

Capital, invested and borrowed, was a material income-producing factor.

DECISION.

The determination of the Commissioner is approved.

---

APPEAL OF THE COLUMBIA THEATRE CO.

Docket No. 1414.   Submitted October 14, 1925.   Decided February 9, 1926.

> 1. Stockholders surrendered and authorized the cancellation of certain notes evidencing money advanced by them to a corporation. *Held*, that, in the circumstances of this appeal, the amount of the notes so surrendered and canceled became paid-in surplus from the date of such surrender and cancellation.
> 2. In response to proper corporate action stockholders paid in to a corporation certain assessments. *Held*, that such payments were additions to paid-in surplus.
> 3. During the period required for the construction of buildings on leased land, such construction being a condition of the lease, a corporation expended various amounts for interest, ground rents, and other expenses designated by it as carrying charges. *Held*, that such so-called carrying charges may not be included in statutory invested capital for excess-profits tax purposes.

*James P. Maginn, Esq.*, for the taxpayer.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This appeal is from the determination of a deficiency in income and profits taxes for the year 1919 in the amount of $4,881.20, all of which is in controversy. The taxpayer asserts that the Commissioner erred in disallowing amounts claimed as invested capital for the Mid-City Realty Co. and the Middleton Theatre Co., in computing the statutory invested capital of certain affiliated companies. The parties agree that the income tax for the year in question is correctly computed and that the appeal has to do only with profits tax.

FINDINGS OF FACT.

The taxpayer is a Missouri corporation, with its principal office in St. Louis. During the year 1918, it was affiliated, for income and profits tax purposes, with the Middleton Theatre Co., the Vaudeville Theatre Co., the Mid-City Realty Co., and the American Theatre Co., and for that year made a consolidated income and profits-tax return for itself and all other members of such affiliated group. The return so made was accepted and audited by the Commissioner.

The Mid-City Realty Co. was incorporated in 1907, under the laws of Missouri, with an authorized capitalization of $50,000, all of